**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WENDY TRAVER,

        Plaintiff - Appellant,

  v.

TUCSON UNIFIED SCHOOL
DISTRICT,

        Defendant - Appellee.

No. 08-15707

D.C. No. 4:05-CV-00319-CKJ

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

    Wendy Traver appeals pro se from the district court's summary judgment in

favor of the Tucson Unified School District in her employment action alleging

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

retaliation in violation of Title VII, the Equal Pay Act ("EPA"), and the First Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment on the Title VII and EPA claims because Traver's request for additional pay was not a protected activity under either statute. *See* 42 U.S.C. §§ 2000e-2, -3 (prohibiting retaliation for opposing employment discrimination on the basis of race, color, religion, sex or national origin); 29 U.S.C. §§ 206(d), 215(a)(3) (prohibiting retaliation for complaints regarding unlawful pay practices such as paying different wages to employees on the basis of sex); *Lambert v. Ackerley*, 180 F.3d 997, 1007 (9th Cir. 1999) (en banc) ("[N]ot all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of § 215(a)(3).").

Similarly, the district court properly granted summary judgment on the First Amendment claim because Traver's request for additional pay was not constitutionally protected as it did not touch on a matter of public concern. *See Connick v. Myers*, 461 U.S. 138, 146 (1983) ("When employee expression cannot be fairly considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their

offices, without intrusive oversight by the judiciary in the name of the First Amendment.").

The district court also properly granted summary judgment on these claims because Traver failed to raise a triable issue as to whether her termination was causally connected to filing her prior lawsuit. *See Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 797 (9th Cir. 1982) (stating that the decision maker's unawareness of the protected activity "breaks the requisite causal link").

Traver's remaining contentions are unpersuasive.

**AFFIRMED.**